IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC.
4 Irving Place,
New York, NY 10003

LONG ISLAND LIGHTING COMPANY
175 East Old Country Road
Hicksville, NY 11801

ORANGE AND ROCKLAND UTILITIES, INC.
1 Blue Hill Plaza
Pearl River NY 10965

SAN DIEGO GAS & ELECTRIC COMPANY
101 Ash St.
San Diego CA 9212

PACIFIC GAS & ELECTRIC CO.
77 Beale St.
San Francisco, CA
                                        CIVIL ACTION NO.
INTERNATIONAL PAPER CO.
6400 Poplar Ave.
Memphis, TN 38197

WEYERHAUSER COMPANY
33663 32nd Drive South
Federal Way, WA 98003

MEADWESTVACO CORPORATION            CLASS ACTION
One High Ridge Park
Stamford, CT 06905

    Plaintiffs

       V.

SAMUEL BODMAN
Secretary of Energy, United States
1000 Independence Ave. S.W.
Washington DC 20585

1

and

GEORGE B. BREZNAY
Director, Office of Hearings and Appeals
U.S. Department of Energy
1000 Independence Avenue S.W.
Washington DC 20585

Defendants

## COMPLAINT

### A. NATURE OF ACTION, JURISDICTION AND VENUE

1. This is an action brought by, and on behalf of, claimants
(i) determined by defendants to be entitled to a pro rata share
of a fixed pool of crude oil overcharge refunds held by
defendants in escrow in the United States Treasury, (ii) who are
represented in those proceedings by Philip P. Kalodner
("Kalodner") and (iii) as to whom Kalodner has waived any claim
to a common fund fee (referred to as "Kalodner claimant class").
It is brought by a group of utility and manufacturing claimants
who are among the claimants represented by Kalodner and as to
whom he has waived any common fund fee.

This action seeks immediate distribution of 10% of an amount
determined by defendants to be due to qualified crude oil refund
claimants including the Kalodner claimant class, which 10% has
been withheld by the defendants from the plaintiffs and the class
and from the other 31,000 crude oil refund claimants solely for
the purpose of satisfying a claim by Kalodner to a common fund
fee should it be determined in pending litigation that Kalodner

2

is entitled to such a fee.

Kalodner has written fee agreements with the plaintiffs and the other members of the Kalodner claimant class, and has in a writing provided to the Department of Energy ("DOE") waived any claim to a common fund fee to be charged to the plaintiffs and the members of the Kalodner claimant class.

Accordingly, there is no basis for withholding the 10% from the plaintiffs and the members of the Kalodner claimant class, and they here seek issuance of a writ of mandamus requiring the defendants to distribute to each of them the withheld 10% and interest earned thereon subsequent to the determination as of December 28, 2005 of the amount due to be distributed.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1361, and Sections 209-211 of the Economic Stabilization Act Amendments of 1971 ("ESA"), Pub. L. 92-210, 85 Stat. 743 (1971) as incorporated in Emergency Petroleum and Allocation Act ("EPAA"),Pub. L. 93-259,87 Stat. 627(1973).

3. Venue is properly placed in this District pursuant to 28 U.S.C. 1391 (e).

B. <u>PARTIES</u>

4. Plaintiffs Consolidated Edison Company of New York Inc., Long Island Lighting Company, Orange and Rockland Utilities Inc., Pacific Gas & Electric Company, and San Diego Gas & Electric Company are electric utilities which used oil products for the

3

generation of electricity during the period of price control of crude oil, August 1973 through January 1981. Plaintiffs International Paper Company, Weyerhauser Company and MeadWestvaco Corporation are manufacturers, principally of pulp and paper, and used oil products in their manufacturing operations during the period of price control of crude oil. All of the plaintiffs have been found by the Office of Hearings and Appeals ("OHA") of the Department of Energy ("DOE") to be entitled to crude oil refunds recovered by the DOE from producers and resellers of crude oil, and all have had distributed to them a pro rata share of 89.5% of the funds which were available for distribution to crude oil refund claimants as of December 28, 2005.

5. Defendant Samuel Bodman is the Secretary of Energy of the United States, and in that capacity is charged with the administration of the ESA, EPAA, and the Petroleum Overcharge Distribution and Restitution Act of 1986, ("PODRA"), 15 U.S.C. Sec. 4501 et seq.

6. Defendant George Breznay is the Director of the Office of Hearings and Appeals of the United States Department of Energy ("OHA" and "DOE").

C. CLASS ACTION ALLEGATIONS

7. Plaintiffs bring this action on behalf of themselves and all crude oil refund claimants represented by Philip P. Kalodner Esq. ("Kalodner") with whom Kalodner has fee agreements and as to

4

whom Kalodner has waived any claim for a common fund fee to be paid from refunds distributed or to be distributed by DOE. Plaintiffs properly maintain a class action under Rule 23 of the Federal Rules of Civil Procedure.

7. The requirements of Rule 23(a) are all met:

(a) The class of those who will benefit from the issuance of a writ of mandamus ordering the defendants to distribute to the Kalodner claimant class members the 10% of crude oil refunds withheld from a distribution ordered January 13, 2006 for possible payment to Kalodner as a common fund fee is so numerous that joinder as plaintiffs of all members is impractical. There are 39 such claimants with 53 claims.

(b) The members of the plaintiff class share common questions of fact and law, including most importantly (i) whether, in light of Kalodner's waiver of any common fund fee claim as to the distribution to them, there is any basis in law for withholding from them the 10% of available crude oil refunds withheld solely for possible payment of a common fund fee to Kalodner, and (ii) calculation of the per gallon amount withheld from each of them for potential payment to Kalodner of a common fund fee, and of the appropriate interest thereon.

(c) The claims of the plaintiffs are typical of the claims of the class as whole. Five of the plaintiffs are utility end users of oil products refined from crude oil and three are major

manufacturer end users of oil products refined from crude oil. All of them have, as do the other members of the class, fee agreements with Kalodner, and as to all of whom, Kalodner has waived any claim to a common fund fee, as he has to the other members of the class, Plaintiffs are adversely affected by the delay in the making of distribution of the withheld 10%, in the same manner as are the other members of the class.

(d) The representative defendants will fairly and adequately represent the members of the class. Cumulatively, they are entitled to some 60% of the 10% of funds being withheld from the members of the class. Their counsel is experienced in this matter, in the preceding matters of significance in this matter, and in the conduct of similar class actions.

8. Class certification is proper under all three specified categories in Rule 23 (b):

(1) The prosecution of separate actions by members of the class would create the risk of (A) inconsistent or varying adjudications which would establish incompatible standards of conduct for the defendants, as to whether they are required to make the distribution of the withheld 10% to the members of the Kalodner claimant class without awaiting conclusion of the litigation in which Kalodner is seeking a common fund fee, and (B) adjudications with respect to individual members of the class would as a practical matter substantially impair or impede the

ability of other members of the class to protect their interest
in obtaining distribution of the withheld 10%.

(2) The defendants, the DOE and OHA have acted on grounds
generally applicable to the class by virtue of withholding the
10%, thereby making appropriate the relief here sought with
respect to the class as a whole.

(3) Questions of law and fact common to the members of the
class as described above and throughout the Complaint,
predominate over any questions affecting only individual members
of the plaintiff class, and a class action is superior to other
available methods for the fair and efficient adjudication of the
controversy.

D. <u>THE BACKGROUND</u>

9. In a "Notice of final procedures for distribution of
remaining crude oil overcharge refunds" ("Final Distribution
Order") issued January 6, 2006 and published January 13, 2006 in
71 Fed. Reg. 2195, DOE determined to withhold 10% of the
$284,126,991 funds available for distribution to crude oil refund
claimants as of December 28, 2005 for possible payment to Philip
P. Kalodner ("Kalodner") as a common fund fee should Kalodner be
successful in obtaining the award of a common fund fee in
litigation with the DOE. Specifically, in determining to
distribute $.000695389 per gallon of qualified purchases of
refined petroleum product to qualified claimants, DOE withheld

for possible payment to Kalodner as a common fund fee
$.0000772654 per gallon. The total amount withheld from the
Kalodner claimant class for possible payment to Kalodner of a
common fund fee was $4,654,140.

10. In the Final Distribution Order, DOE declined the demand
of the Kalodner claimant class to distribute to it the amount
withheld as a potential common fund fee to Kalodner, a demand
which had been accompanied by a Waiver executed by Kalodner of
"the right to charge any common fund fee" to the members of the
Kalodner claimant class.

11. Subsequently to the date to which interest was
recognized in the distribution calculated in the Final
Distribution Order, December 28, 2005, interest has been earned
on the withheld 10% in the U.S. Treasury accounts in which the
withheld 10% is on deposit.

e. <u>CAUSE OF ACTION</u>

12. The allegations of paragraphs 1 through 11 are
incorporated herein by reference.

13. Defendants, by a duly issued "Final Distribution Order"
withheld from distribution to all qualified crude oil refund
claimants, including the plaintiffs and all members of the
Kalodner claimant class, 10% of the amount which defendants
determined to be due to them as of December 28, 1930, for
possible payment to Kalodner of a common fund fee should such be

obtained by him in litigation or by virtue of a settlement of litigation. Specifically, the amount so withheld was $.0000772654 per gallon of claimants' qualified purchases of refined petroleum products. The total amount withheld from the members of the Kalodner claimant class for possible payment of a common fund fee to Kalodner was $4,654,140.

14. Kalodner has executed and delivered to defendants a waiver of any common fund fee from the funds which have been distributed to the members of the Kalodner claimant class or which would be distributed to them but for the withholding of 10% for possible payment of a common fund fee to Kalodner. A copy of such waiver is Exhibit A to this Complaint.

15. Although Kalodner continues in litigation to seek a 10% fee as to the distribution to all crude oil refund claimants other than the members of the Kalodner claimant class, he seeks no such common fund fee from the members of the Kalodner claimant class, and no outstanding Court order assesses a common fund fee against the members of the Kalodner claimant class.

16. Accordingly, there is no basis for defendants to withhold from the members of the Kalodner claimant class the 10% withheld in the distribution made to each of them for possible payment to Kalodner of a common fund fee.

17. The plaintiffs and the other members of the Kalodner claimant class are entitled to the immediate distribution to them

of the 10% withheld from each of them for possible payment of a common fund fee to Kalodner, and the interest earned thereon from and after December 28, 2005 in the U.S. Treasury accounts in which such withheld amounts have remained.

WHEREFORE, plaintiffs pray for Orders of this Court as follows:

(a) An Order certifying the class and the plaintiffs as representatives of the class;

(b) An Order directing the defendants to distribute forthwith to the plaintiffs and the members of the Kalodner claimant class the 10% withheld from them for possible payment of a common fund fee to Kalodner, together with the interest earned thereon in the U.S. Treasury subsequent to December 28, 2005.

(c) Awarding the plaintiffs their costs, including a reasonable attorney's fee; and

(e) Granting such other and further relief as may be just and proper.

Respectfully submitted,

_____

Philip P. Kalodner
208 Righters Mill Road
Gladwyne PA 19035
DC Bar 973578

Attorney for Plaintiffs

August 29, 2005