UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CONSOLIDATED EDISON CO., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 06-1522 (RMC) |
| SAMUEL BODMAN, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION

Plaintiffs seek a writ in mandamus to require the Department of Energy ("DOE") to release immediately certain money from a fund created by DOE under the Emergency Petroleum Allocation Act ("EPAA") of 1973. DOE has distributed essentially all money from that fund except a 10% reserve that it set aside for payment of a "common fund" attorney's fee to Plaintiffs' attorney in the EPAA proceedings, Philip Kalodner, if such a fee is awarded by the Court. Mr. Kalodner advises that he has waived his claim to an attorney's fee from the 10% reserve with respect to his own clients, with whom he has separate fee agreements. He argues, therefore, that these Plaintiffs are entitled to an immediate distribution of their full shares of the 10% reserve. Both parties have moved for summary judgment, and the Court finds that there are no disputed issues of fact that would preclude judgment as a matter of law. For the following reasons, the Court will grant summary judgment to Defendants.

I. BACKGROUND FACTS

The facts underlying the current dispute have been detailed in numerous opinions of this Court and the D.C. Circuit Court of Appeals. The curious reader is directed to *Consolidated*

*Edison Co. v. Bodman*, 445 F.3d 438, 440-45 (D.C. Cir. 2006), for a comprehensive explication of the relevant background. The specific issue in this lawsuit is whether Plaintiffs, Mr. Kalodner's clients in the EPAA refund proceedings, are entitled to a writ of mandamus compelling DOE to distribute their share of the fund that was set aside to pay Mr. Kalodner's attorney's fee, if ordered.

## II.  LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson*, 477 U.S. at 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.* In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party must, however, establish

more than "the mere existence of a scintilla of evidence" in support of its position, *id.* at 252, and cannot rely solely on allegations or conclusory statements, *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene*, 164 F.3d at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III. ANALYSIS

Pending before the Court are three lawsuits involving Mr. Kalodner's quest for attorney's fees based on his years of laboring in the EPAA vineyard. Two were recently remanded from the Circuit Court: Case No. 03-1991 (RMC), in which Mr. Kalodner's clients are suing DOE for attorney's fees, and Case No. 04-152 (HHK), in which Mr. Kalodner is suing recipients of EPAA refunds who were not his clients.[1] In this lawsuit, Plaintiffs — Mr. Kalodner's clients — assert that they should receive their proportionate distributions from the reserve that DOE has set aside to pay Mr. Kalodner if one of the other two pending lawsuits results in an award of attorney's fees. Plaintiffs seek a writ of mandamus ordering DOE to pay them their proportionate share of the 10% set-aside fund immediately.

The remedy of mandamus is a "drastic one, to be invoked only in extraordinary situations." *Northern States Power Co. v. DOE*, 128 F.3d 754, 758 (D.C. Cir. 1997) (internal quotation marks omitted). It is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff."

---

[1] A fourth lawsuit, *Kalodner v. Bodman*, 06-818 (RMC), was recently dismissed by this Court. *See* Memorandum Opinion and Order (D.D.C. Dec. 18, 2006).

*Id.* (internal quotation marks omitted). The party seeking mandamus has the burden of showing that its right to a writ is "'clear and indisputable.'" *Id.* (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988)).

Here, Plaintiffs argue that, under this Court's order in *Consolidated Edison Co. v. Bodman*, 271 F. Supp. 2d 104, 112 (D.D.C. 2003), DOE is under a duty to distribute all EPAA funds "insofar as practicable." Plaintiffs also point to statements contained in various declarations filed by DOE in which DOE purportedly admitted that it is "obligated" to distribute the entire amount of the EPAA funds to eligible claimants. Thus, Plaintiffs argue that DOE has a clear duty to pay Plaintiffs their share of the 10% reserve because any attorney's fees paid to Mr. Kalodner from that reserve should not include any money belonging to Plaintiffs. Put another way, Mr. Kalodner has agreed to a reduction in his potential attorney's fees to reflect payments already made to him by Plaintiffs, and Plaintiffs should thus receive their percentage of the EPAA funds that DOE is withholding to pay Mr. Kalodner.

DOE does not contest that it is obligated to disburse the EPAA funds "insofar as practicable." Rather, it argues that paying Plaintiffs before the resolution of the pending litigation regarding Mr. Kalodner's attorney's fees is not practicable. DOE's Office of Hearings and Appeals ("OHA") has already rejected this piecemeal approach to the remaining distribution. OHA published a Notice in the Federal Register on September 30, 2005, announcing its intent to distribute the remaining funds with the exception of the 10% reserve. Mr. Kalodner submitted comments on the Notice and proposed that his clients be exempt from the 10% reserve so that they could more immediately receive their full proportionate shares. On January 6, 2006, OHA published a Federal

Register Notice declining to accept this proposal because, "as a matter of basic fairness, [it] intend[s] to pay all claimants at the same volumetric rate." 71 Fed. Reg. 2195 (Jan. 13, 2006).

In its cross motion for summary judgment, OHA persists in its argument that "it would be unfair to confer a special advantage to one group of claimants to the detriment of all other eligible claimants." Declaration of Fred L. Brown ("Brown Decl.") ¶ 20.

> [OHA has] concluded that there are scenarios under which it may be impracticable to distribute 100% of all remaining funds to eligible claimants. In the event that a court is to award Mr. Kalodner attorney's fees, paying a refund to his clients ahead of everyone else may result in Kalodner's client claimants potentially receiving proportionately more money tha[n] the remaining claimants. It is conceivable that the Kalodner client claimants could receive an individual refund while the other claimants would receive nothing due to the impracticability of distribution of small funds. Given the fact that the money is earning interest, this potential inequity would be obviated by simply allowing OHA to proceed with the administratively established refund process.

*Id.* ¶ 21. In other words, a large fee award to Mr. Kalodner may reduce the 10% reserve to such a small sum that its distribution to the thousands of claimants would be impossible and impractical. An early distribution to these Plaintiffs could, therefore, result in unfairness to the other claimants.

Plaintiffs have not met their burden to show that mandamus should issue. DOE's refusal to engage in piecemeal payments is a reasonable agency decision that applies to all claimants equally; is legitimately based on Mr. Kalodner's pending claims for a fee award, which create uncertainty as to the amount available for distribution; and all interests are preserved because the reserve is in an interest-bearing account. The Court thus defers to DOE's decision to make a one-time disbursement of the 10% reserve only after Mr. Kalodner's claims to that money have been finally resolved in court. *See Phoenix Petroleum Co. v. FERC*, 95 F.3d 1555, 1567 (Fed. Cir. 1996) ("court[s] will set aside an EPAA/ESA agency action only if it is in excess of the agency's authority,

or is based upon findings which are not supported by substantial evidence. . . . [Courts] must approve the DOE decision if there is a rational basis for it."); *see also Sinclair Oil Corp. v. Abraham*, 291 F.3d 822, 826-27 (Fed. Cir. 2002) (according great deference to OHA administration of its own regulations and procedures). As a result, Plaintiffs fail to make a showing sufficient to establish the elements of their claim for mandamus — specifically, they fail to show that DOE is under a clear duty to make a distribution to Plaintiffs ahead of all other claimants. In fact, such a distribution may prejudice the rights of other EPAA claimants to be treated equally and fairly. Accordingly, Defendants are entitled to judgment as a matter of law.

## IV. CONCLUSION

The fact that DOE is obligated to distribute all EPAA funds "insofar as practicable" does not mean that it has a duty to distribute the funds in whatever manner Plaintiffs dictate. Because there is a rational basis for DOE's decision to hold the 10% reserve in an interest-bearing account until pending litigation regarding the proper disposition of those funds is resolved, the Court cannot grant Plaintiffs' petition for mandamus. For the foregoing reasons, summary judgment will be granted to Defendants and denied to Plaintiffs. A memorializing order accompanies this Memorandum Opinion.

/s/
ROSEMARY M. COLLYER
United States District Judge

DATE: March 16, 2007